FILED

2018 MAR 27 AM 11: 48

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:18-cv-459-Orl-28DCI

RONALD WARD, individually and on
behalf of all those similarly situated,

Collective Action

Plaintiff,

vs.

FLORIDA BC HOLDINGS, LLC d/b/a SYNERGY
EQUIPMENT,

Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, RONALD WARD ("Mr. Ward"), individually, as Class Representative, and on behalf of all other similarly situated employees, by and through his undersigned counsel files his individual claim in Count I and a Representative Action in Count II of this Complaint against Defendant, FLORIDA BC HOLDINGS, LLC d/b/a SYNERGY EQUIPMENT ("Synergy"), and states as follows:

### I. INTRODUCTION

1. Mr. Ward brings his cause of action raising an individual claim for unpaid overtime wages pursuant 29 U.S.C. § 207 (overtime provisions of the Federal Fair Labor Standards Act ("FLSA")) and a Representative Action pursuant to 29 U.S.C. § 216(b) (authorizing representative actions under the FLSA) seeking to represent a class of employees denied unpaid overtime pursuant to the FLSA.

2. The FLSA prevents the exploitation of a class of workers who are in an unequal position with respect "to bargaining power and are thus relatively defenseless against the denial of a living wage is not only detrimental to their health and well being but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay." *West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 399 (1937)(Hughes, C.J).

3. Synergy utilized its unequal bargaining power to render defenseless Mr. Ward, individually and all other similarly situated employees, against the denial of the living wage they are entitled to receive and protected by 29 U.S.C. § 207.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b).

## III. THE PARTIES

6. Mr. Ward was an employee of Synergy within the meaning of the FLSA.

7. Mr. Ward was employed as a Sales Coordinator by Synergy from approximately March 2016 to September 2017.

8. As a sales coordinator, Mr. Ward was paid a salary and commissions.

9. As a sales coordinator, Mr. Ward's job duties included, but were not limited to, working the inside counter of Synergy's facility.

10. Synergy maintains and operates approximately eleven (11) facilities throughout Florida and two (2) in Georgia.

2

11. Synergy provides heavy and compact rental equipment, sales, and services for contractors and developers.

12. Mr. Ward performed work for Synergy at its facilities in Daytona Beach, Jacksonville, and St. Augustine Florida locations.

13. At all times relevant to his employment, Mr. Ward regularly used the instrumentalities of interstate commerce while performing his work. At all times relevant to his employment, Mr. Ward also regularly used the channels of commerce while performing his work.

14. Synergy is an "employer" as defined by 29 U.S.C. § 203(d). Synergy has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the facilities where Mr. Ward performed work.

15. Synergy has employed two or more persons, including Mr. Ward, "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person," as defined by 29 U.S.C. § 203(s)(1)(A)(i).

16. Mr. Ward avers that at all times relevant to the violations of the Fair Labor Standards Act, Synergy was an enterprise whose annual gross volume of sales made or business done was not less than $500,000, in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

17. Mr. Ward has retained LaBar & Adams, P.A. to represent him and the Class in this matter and has agreed to pay said firm a reasonable attorney's fee and costs for its services.

## IV. FACTUAL ALLEGATIONS

18. Synergy provides heavy and compact rental equipment, sales, and services for contractors and developers.

19. At all times relevant to the violation of the FLSA, Synergy was an enterprise engaged in commerce or in the production of goods for commerce.

20. Mr. Ward performed work at Synergy at its facilities in Daytona Beach, Jacksonville, and St. Augustine, Florida locations.

21. Throughout his employment, Mr. Ward worked numerous workweeks where his hours exceeded forty but he was not paid time-and-a-half for each overtime hour worked.

22. Mr. Ward worked numerous weeks in which he was not paid time-and-a-half for each overtime hour worked because Synergy had misclassified Mr. Ward as an employee exempt from the FLSA.

23. Mr. Ward, as well as similarly situated employees, worked numerous weeks in which they were not paid time-and-a-half for each overtime hour worked because Synergy misclassified their position as exempt from the FLSA.

24. During Mr. Ward's employment, Synergy reclassified him as non-exempt from the FLSA and commenced paying him overtime.

25. Synergy failed to pay Mr. Ward proper overtime once he was reclassified by failing to include all hours worked and failing to pay him at the correct overtime rate.

26. Synergy had knowledge that Mr. Ward as well as other similarly situated employees, were working overtime without proper compensation.

27. Synergy failed to make a good faith effort to determine if Mr. Ward and similarly situated employees were compensated appropriately pursuant to the FLSA.

28. Synergy failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

29. Synergy also failed to post the required notice pursuant to the Fair Labor Standards Act.

30. Synergy's unlawful compensation practices are in willful disregard of the rights of Mr. Ward and other similarly situated employees.

31. Synergy is currently a Defendant in a collective action pursuant to the FLSA pending in this Court. *See Jay E. Reese, individually and on behalf of all those similarly situated v. Florida BC Holdings LLC., d/b/a Synergy Equipment,* Case No.: 6:17-cv-1574-CEM-GJK (M.D. Fla. 2017).

### V. **COLLECTIVE ACTION ALLEGATIONS**

32. Mr. Ward, as Class Representative, brings Count II of his action on behalf of himself and on behalf of similarly situated employees. Specifically, Mr. Ward brings the class' claim under the Fair Labor Standards Act as a collective action, and will request the Court to grant conditional class certification under 29 U.S.C. § 216(b).

33. Mr. Ward, as Class Representative, will seek class certification of all employees of Synergy who (1) are or were employed by Synergy as "Sales Coordinators" during the preceding three years; (2) were misclassified as exempt from the FLSA; and (3) worked more than forty hours in a work week without being paid proper overtime compensation.

34. Mr. Ward, as Class Representative, will seek class certification of all employees of Synergy who: (1) are or were employed by Synergy as "Sales Coordinators" since November 2016; (2) worked more than forty hours in a work week; and (3) did not receive proper overtime because (a) Synergy failed to divide all weekly remuneration by all hours worked to obtain Sales Coordinators' regular rate of pay and (b) failed to include all hours worked when calculating overtime owed.

35. While working for Synergy, Mr. Ward and the similarly situated employees, were subject to Synergy's pattern and standard practice of misclassifying employees and denying proper overtime compensation to its Sales Coordinators.

## COUNT I
### PLAINTIFF, RONALD WARD'S INDIVIDUAL CLAIM FOR VIOLATIONS OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT

36. Plaintiff, Mr. Ward, re-alleges and incorporates herein the allegations contained in paragraphs 4-30 above.

37. Mr. Ward was employed as a "Sales Coordinator" by Synergy from approximately March 2016 to September 2017.

38. From approximately March 2016 to September 2017, Synergy repeatedly and willfully violated § 7 and § 15 of the Fair Labor Standards Act by failing to compensate Mr. Ward at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours. Specifically, Plaintiff worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed.

6

39. Synergy willfully failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

40. Synergy failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Mr. Ward demands a judgment against Synergy for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Mr. Ward demands a jury trial on all issues contained in Count I.

## COUNT II
## COLLECTIVE ACTION BY CLASS REPRESENTATIVE, RONALD WARD, FOR VIOLATIONS OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT

41. Mr. Ward, as Class Representative, re-alleges and incorporates herein the allegations contained in paragraphs 4-35 above.

42. Throughout the employment of the Class Representative, Mr. Ward and all other similarly situated employees, the Defendant, Synergy, repeatedly and willfully violated § 7 and § 15 of the Fair Labor Standards Act by failing to compensate the Class Representative and all other similarly situated employees, at a rate not less than one and

7

one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

43. Specifically, Class Representative, Mr. Ward, and all other similarly-situated "Sales Coordinators," worked numerous weeks throughout their employment in excess of forty (40) hours a week, yet were not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

44. Synergy failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

45. Synergy failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Class Representative, Mr. Ward on behalf of himself and similarly situated employees, demands judgment against Synergy for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest;

(d) Reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Class Representative, Mr. Ward, on behalf of himself and similarly situated employees, demands a jury trial on all issues contained in Count II.

```
```
Dated: 3/24/18

Respectfully submitted,

*[signature]*

SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)